DET008381

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY J. STRACHAN

    Plaintiff,

v.

UNIVERSITY OF MICHIGAN, a Michigan body Corporate,

    Defendant.

Case: 2:09-cv-11474
Judge: Lawson, David M.
MJ: Hluchaniuk, Michael
Filed: 04-20-2009 At 02:43 PM
CMP STRACHAN V UNIVERSITY OF MICHIGAN (EB)

JURY DEMANDED

_____/

Tammy J. Strachan In Pro Per
2648 Hallman Ave.
Waterford, MI 48328
(248) 681-6563

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, TAMMY J. STRACHAN, and complains to this Court as follows:

## JURISDICTION AND PARTIES

1. Plaintiff TAMMY J. STRACHAN ("STRACHAN") resides in Oakland County, Michigan, and is a citizen of the State of Michigan. .

2. Defendant University of Michigan ("U of M") is a Michigan body corporate with its principal office in Ann Arbor Michigan, and is a citizen of the State of Michigan. U of M owns and operates the University of Michigan Health System.

3. Strachan was an employee of U of M within the meaning of 42 U.S.C. § 12111(4).

4. Jurisdiction is based on 42 U.S.C. 12101 *et. seq.*, commonly known as the Americans With Disabilities Act ("ADA") and 29 U.S.C.A. 2612 *et.* seq., commonly known as the Family Medical Leave Act ("FMLA").

1

5. Venue is proper in the Eastern District of Michigan, pursuant to 42 U.S.C. 12117 and 42 U.S.C. 2000e5(f)(3), because the allegations complained of occurred in this District, because Plaintiff worked at Defendant's place of business in this District, because Plaintiff is a resident of this District and because Defendant has its principal office in this district

6. On July 9, 2008 plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") encompassing the complaints. On January 21, 2009 the EEOC issued plaintiff a right to sue letter (Exhibit A).

## COMMON ALLEGATIONS

7. Plaintiff was employed by U of M Health Systems as a phlebotomist from on or about July 10, 2006 to on or about February 18, 2008.

8. U of M has in excess of fifty (50) full time employees.

9. Plaintiff was discharged on February 18, 2008.

10. In the year 1978, plaintiff suffered an injury to her spine in a motor vehicle accident. To this day plaintiff walks with the aid of a cane as a result of the spinal cord injury.

11. Plaintiff's supervisors forbade her from using her cane during the course of her duties at U of M. Plaintiff protested this directive and asked to use the cane as an accommodation.

12. Use of a cane did not interfere in any material way with plaintiff's performance of her duties at U of M.

13. U of M refused plaintiff's request for accommodation.

14. On November 7, 2007. Plaintiff was hospitalized for a kidney stone.

15. As a result of the November 7, 2007 hospitalization Plaintiff applied for and was granted FMLA leave from November 7, 2007 through January 27, 2008 (Exhibit B).

16. Plaintiff returned from FMLA leave on November 27, 2007.

17. Plaintiff was hospitalized again on January 7, 2008 through January 14, 2008 after collapsing at work.

18. Plaintiff's supervisor informed plaintiff that she was not required to apply for FMLA leave for the January 7, 2008 hospitalization, since she was still within the time period previously approved.

19. On January 29, 2008 plaintiffs supervisor tendered plaintiff a written warning for attendance (Exhibit C). The written warning included periods of time for which plaintiff was granted FMLA leave by U of M.

20. On February 18, 2008 U of M discharged plaintiff for the stated reason that she failed to follow department procedures.

21. The reasons given by U of M for discharging plaintiff were not the real reasons for discharge and were a pretext. Other employees were not discharged for the same or similar conduct, plaintiff's supervisors told plaintiff that the "violations" were not cause for discipline, and the "violations" were trivial.

## COUNT I

## VIOLATION OF THE FAMILY LEAVE ACT

22. Plaintiff incorporates by reference the Common Allegations as if set forth in full herein.

23. Pursuant to 29 U.S.C.A. 2612, Plaintiff was entitled to twelve work weeks of leave during any twelve month period for any serious health condition which made plaintiff unable to perform the functions of his position.

24. Plaintiff was unable to perform the functions of his position when he was required to take leave to recuperate from the kidney stone and the collapse at work.

25. Plaintiff's plaintiff was disciplined for attendance within 2 days of the expiration of her FMLA leave. (See Exhibit C).

26. Plaintiff was terminated by U of M within 22 days of the expiration of her

FMLA leave.

27. Plaintiff was discharged, in material part, because she took family leave permitted by 29 U.S.C.A. 2612.

28 The effect of Defendant's policies and practices as above stated was to deprive plaintiff of equal employment opportunities and to affect his status as an employee adversely because she took family leave permitted by 29 U.S.C.A. 2612.

29. Plaintiff's termination violated public policy as set forth in 29 U.S.C.A. 2612.

30. As a direct and proximate result of Defendant's actions as stated, Plaintiff is being deprived and will be deprived of income in the form of wages, has been deprived of income he would have earned had it not been for said actions, and is being deprived of retirement benefits, Social Security, medical, dental and other benefits.

31. Pursuant to 29 U.S.C.A. 2617 (a)(1)(A)(iii), plaintiff is entitled, as liquidated damages, to an amount equal to and in addition to the amount set forth in paragraph 23, with interest.

32. Pursuant to 29 U.S.C.A. 2617 (a)(3), plaintiff is entitled to recover the reasonable costs and attorney fees incurred in this action.

33. Pursuant to 29 U.S.C.A. 2617 (a)(1)(B), plaintiff is entitled to equitable relief, including reinstatement, on terms and conditions the court deems to be just.

WHEREFORE, Plaintiff prays for judgment against Defendants in whatever amount would fairly and reasonably compensate Plaintiff for his damages, plus costs, interest, and attorney fees so wrongfully sustained, together with whatever equitable relief the Court deems to be just.

## COUNT II

## VIOLATION OF AMERICANS WITH DISABILITIES ACT

34. Plaintiff incorporates the Jurisdictional and Common Allegations as if set forth in full.

35. The Americans with Disabilities Act 42 U.S.C. 12112(a) prohibits discrimination against a qualified individual with a disability because of the disability of such individual.

36. Strachan is a qualified individual with a disability as defined in 42 U.S.C. 12111(8) and 12114 (a) and (b) who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.

37. U of M perceived Strachan as a person with a disability.

38. U of M discriminated against Strachan in material part because of her actual or perceived disability.

39. U of M refused to accommodate Strachan's disability.

40. Strachan was subjected to a continuing hostile environment, which included but was not limited to comments about her cane by supervisors

41. U of M terminated Strachan, in material part because of her disability.

42. Defendant acted with malice.

43. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, Plaintiff has suffered injuries and damages, including, but not limited to potential loss of earnings, benefits and earning capacity; loss of career opportunities; has suffered mental and emotional distress, including that anxiety and mental anguish which normally flows from being a victim of discrimination, including humiliation and embarrassment, loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## RELIEF REQUESTED

### Legal Relief

A. Compensatory damages in whatever amount she is found to be entitled;

B. Exemplary damages in whatever amount she is found to be entitled;

C.  Punitive damages in whatever amount she is found to be entitled;

D.  Lost wages and benefits, past and future, in whatever amount she is found to be entitled;

E.  Costs, interest, and attorney fees.

**Equitable Relief**

A.  An order restoring plaintiff to her former position;

B.  An order prohibiting further acts of discrimination and retaliation;

C.  Whatever equitable relief appears appropriate;

D.  Costs, interest, and attorney fees.

## JURY DEMAND

Plaintiff demands trial by jury in this matter.

_____
Tammy J. Strachan
In Pro Per

Dated: April 20, 2009

EEOC Form 161 (2/08)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Tammy Strachan**
2648 Hallman Ave.
Waterford, MI 48328

From: **Detroit Field Office**
477 Michigan Avenue
Room 865
Detroit, MI 48226

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-39303 | Kimberly Nicholson, Investigator | (313) 226-4608 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Linda K. Dubard
for Danny G. Harter,
Director

1/21/09 (Date Mailed)

Enclosures(s)

cc: **Tera Jastrzembowski**
**Senior Paralegal**
**UNIVERSITY OF MICHIGAN**
4010 Fleming Bldg
503 Thompson Street
Ann Arbor, MI 48109

EXHIBIT A



# The University of Michigan
## Request for Leave of Absence

Reference Standard Practice Guide 201.30 & 201.30-1, Leaves of Absence, or appropriate collective bargaining agreement.

| | | | | | |
|---|---|---|---|---|---|
| Date of Request | 11/28/07 | UMID | 79947628 | U.S. Social Security # | |
| Last Name | Strachan | First | Tammy | Middle | |
| Title of Position | Patient Care Technical Associate | | Department | Pathology | |

Dept. Address M5221 Med Sci I

Supervisor's/Dept. Chair's Name: Beverly Smith    Supervisor's/Dept. Chair's Phone: 936-0505

**FACULTY/STAFF MEMBER: CHECK THE TYPE OF LEAVE, SUPPLY THE REQUIRED INFORMATION IN WRITING, AND PROVIDE ATTACHMENTS AS INDICATED.**

### Leaves applicable to faculty and staff:

- [ ] **Child Care** — State the date of the child's birth, adoption, or foster placement. Date _____
- [ ] **Educational** — Indicate school and credit hours. If not a UM student, attach a completed Educational Leave Addendum, available at http://www.umich.edu/~hraa/hrris/forms.html, to verify registration.
- [x] **Family Medical** — Attach U.S. Department of Labor Certification of Physician or Practitioner (Form WH380).
- [ ] **Government Service** — Indicate the nature and duration of the government service.
- [ ] **Intergovernmental Personnel Assignment** — Attach OF69 Assignment Agreement. (Refer to SPG 201.30-5, Federal Personnel Agreements.)
- [ ] **Military Service** — Attach a copy of the Notice of Induction or Authorization for Active Duty.
- [ ] **Medical** — Attach U of M Illness or Injury Report, available at http://www.umich.edu/~connect/forms.htm. If receiving Workers' Compensation, indicate whether you want to use up your vacation time before the leave begins.
- [ ] **Medical/Child Care** — Attach U of M Illness or Injury Report, available at http://www.umich.edu/~connect/forms.htm, and when the child is born, provide the date of the child's birth. This leave is only applicable to employees not eligible for extended sick time.
- [ ] **Phased Retirement** — Use this form to initiate a phased retirement program. Describe the arrangement for the phased retirement program. (Refer to SPG 201.83, Retirement.)
- [ ] **Personal** — State the reason for requesting the leave: _____
- [ ] **Seasonal Leave Appointment** — Use this form to establish the initial seasonal leave period. (Refer to SPG 201.30-3, Seasonal Leave of Absence Appointment.)

### Leaves applicable to faculty members only:

- [ ] **Duty Off Campus** — Indicate the location and duties to be performed. (Refer to SPG 201.90, Duty Off-Campus.)
- [ ] **Outside Teaching Assignment** — Indicate the name of the educational institution and the duties to be performed.
- [ ] **Research** — State the nature of the research program, the location, and the funding source.
- [ ] **Retirement Furlough** — Indicate specific plans and effective date of complete retirement. (Refer to SPG 201.81, Retirement Furlough.)
- [ ] **Scholarly Activity** — State the nature of the activity, the location, and the funding source. (Refer to SPG 201.30-4, Scholarly Activity Leave.)

I request that my leave begin on __11/5/07__ and end on __1/27/08__ (If necessary, give approximate dates.)

I understand that returning to work before the leave's expiration date is at the discretion of the University.

** Assuming that I have an eligible appointment upon my return from leave, I authorize the University to automatically re-enroll me (and my dependents, if applicable) in those Benefits Plans in which I was enrolled as of my last day of work (prior to the leave) and to deduct any resulting costs from my earnings. My most recent beneficiary designation for Group Life Insurance will be continued. **

| | | |
|---|---|---|
| Office Phone | 936-0505 | Faculty/Staff Signature _____ |
| Home Phone | (248) 681-6563 | Home Address 2648 Hallman |
| | | Waterford, MI 48328 |

**FACULTY/STAFF MEMBER:** RETURN THE COMPLETED FORM TO YOUR SUPERVISOR/DEPARTMENT CHAIRPERSON.

Form 36509    Revised 01/04    To obtain this form, visit http://www.umich.edu/~hraa/hrris/forms.html or call (734) 764-9250.

12/7/07

EXHIBIT B

## UNIVERSITY OF MICHIGAN HOSPITAL AND HEALTH SYSTEM
## DEPARTMENT OF PATHOLOGY

MEMORANDUM

To: Tammy Strachan  7994 7628
UMID 7994-762-8

From: Marcia Brosnan

Date: 01/29/2008

Subject: Attendance, Written warning

This memorandum is being written to address your attendance which has exceeded department policy. In a period beginning June 26, 2007 you have used seven unscheduled absences. The date of each occurrence is 06/26/07, 08/23/07, 10/29/07, 11/5/07 thru 11/26/07, 12/24/07, 01/07/08 thru 01/14/08 and 01/28/08. You have exceeded three incidents in a six month period causing this written warning.

On February 22, 2007 Denise explained the attendance policy to you and gave you a copy.

These absences have resulted in service delays to our patients and families and have required your co-workers to assume additional duties and work beyond the end of their regular shifts.

I am extending the attendance review date to July 29, 2008 in which improvement is required. Should you fail to improve in these areas, further disciplinary action will be taken, up to and including discharge.

Cc: HR Personnel File
Beverly Smith, Pathology File
Mary Lou Erber, Manager File

EXHIBIT C

*JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

County in which action arose __Wayne__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tammy J. Strachan

## DEFENDANTS
University of Michigan

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Washtenaw__
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorney's (Firm Name, Address, and Telephone Number)
In por per, 2648 Hallman Ave. Waterford, MI 48328 (248) 681-6563

Case: 2:09-cv-11474
Judge: Lawson, David M.
MJ: Hluchaniuk, Michael
Filed: 04-20-2009 At 02:43 PM
CMP STRACHAN V UNIVERSITY OF MICHIGAN (EB)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

44/5

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101 et. seq. (ADEA) and 29 USC 2612 (FMLA)
Brief description of cause:
Termination of employment in violation of ADEA and FMLA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: April 17, 2009
SIGNATURE OF ATTORNEY OF RECORD: _Tammy J. Strachan_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :